## PAGOTO v HANCOCK

1. LIBEL AND SLANDER—JUDICIAL PROCEEDING—PRIVILEGE.

A witness's statements in a judicial proceeding are absolutely privileged when his statements are in some manner relevant or pertinent to the matter being tried, and there is a presumption that his statements are relevant.

2. LIBEL AND SLANDER—JUDICIAL PROCEEDING—PRIVILEGE—PLEADING.

Summary judgment was properly granted to defendant where the complaint showed that defendant's allegedly defamatory statements against plaintiff were made by him in a judicial proceeding, that plaintiff failed to allege any fact that would take the case out of the privilege given to testimony in a judicial proceeding, that the plaintiff was apprised of this defect by defendant's motion for summary judgment, and that plaintiff failed to amend his complaint.

Appeal from Macomb, Hunter D. Stair, J. Submitted Division 2 June 19, 1972, at Lansing. (Docket No. 13223.) Decided June 27, 1972.

Complaint by Joseph Pagoto against Barrington Hancock for slander. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Gottlieb, Eason & Goren,* for plaintiff.

*Bush, Luce, Henderson, Black & Bankson,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 50 Am Jur 2d, Libel and Slander §§ 249, 250, 437, 451, 452.

Testimony of witness as basis of civil action for damages, 12 ALR 1247, s. 54 ALR2d 1298.

[2] Pleading or raising defense of privilege in defamation action, 51 ALR2d 552.

Before: FITZGERALD, P. J., and QUINN and DAN-
HOF, JJ.

DANHOF, J. The plaintiff brought this action
seeking to recover for damages caused by an al-
legedly slanderous remark. From the plaintiff's
complaint, it appears that the allegedly defama-
tory remark was made by a witness during the
course of a judicial proceeding. The defendant
moved for summary judgment under GCR 1963,
117.2(1) on the ground of failure to state a claim
upon which relief can be granted. The trial court
granted the motion and the plaintiff has appealed.
We affirm.

Generally speaking statements made by wit-
nesses are absolutely privileged. *Timmis v Ben-
nett,* 352 Mich 355 (1958), 3 Restatement of Torts,
§ 588, p 244. However, as the plaintiff points out,
the privilege applies only when the allegedly de-
famatory statements are in some manner relevant
or pertinent to the matter being tried.

Once it has been established that the statements
were made during the course of a judicial proceed-
ing there arises a presumption that they were
relevant to the matter being tried. *Sanders v
Leeson Air Conditioning Corp,* 362 Mich 692
(1961). A case that is quite similar to the case at
bar is *Hartung v Shaw,* 130 Mich 177 (1902).
*Hartung* was a libel action where the allegedly
defamatory material was contained in an answer
to a bill in chancery. At trial the defendants
objected to the introduction of testimony and the
trial court ruled in their favor and directed a
verdict. In discussing the issue the Court stated at
p 180:

"Where a party shows in his declaration a publication
presumptively privileged, it is his duty, in order to

recover, to prove that the words spoken were not pertinent or relevant, and that they were not spoken *bona fide.* [Citations omitted.] If it be necessary to prove this, it is equally necessary to allege it. All the information the declaration gives is that the words complained of were uttered in an answer to a bill in chancery filed to obtain a partition of lands. For all that appears there may have been averments or allegations in the bill in chancery to which the averments of the answer were responsive."

Because of the development of greatly liberalized rules of procedure in pleading one may question whether *Hartung* is any longer good law on its facts. However, the portion we have quoted is still good law on the facts of the case at bar. Even under our liberalized rules of procedure and pleading the plaintiff's complaint is fatally defective.

On its face the complaint shows that the statements were made by a witness in a judicial proceeding. The plaintiff alleged no facts that would take the case out of the privilege. The defendant's motion for summary judgment squarely framed the issue and called the plaintiff's attention to the defect in his pleading. At no time did the plaintiff attempt to amend his pleadings. We see no reason to put the defendant to the trouble and expense of a trial when the plaintiff is unable to allege facts that would give him a claim upon which relief could be granted.

Affirmed, costs to the defendant.

All concurred.