GILBERT v GRAND TRUNK WESTERN RAILROAD

Docket No. 78-4331. Submitted October 3, 1979, at Grand Rapids.—
    Decided February 5, 1980.

    Lawrence E. Gilbert started an action against Grand Trunk
    Western Railroad, United Transportation Union, Mary P.
    Sclawy, C. Thomas Wilson and others for damages for defama-
    tion, fraudulent concealment of a conspiracy to defame and
    employment discrimination. The defendants' motions for accel-
    erated judgment were granted, Calhoun Circuit Court, Stanley
    Everett, J. The plaintiff appeals, alleging 1) that since he
    alleged fraudulent concealment of a conspiracy to defame, the
    trial court erred in concluding that the statute of limitations
    had run with respect to all but one of the plaintiff's claims of
    defamation, 2) that the trial court improperly granted acceler-·
    ated judgment as to the defamation claims against defendants
    Sclawy and Wilson based upon their having an absolute privi-
    lege, and 3) that the trial court improperly concluded that the
    statute of limitations had run as to the plaintiff's claim of
    employment discrimination. *Held:*

    1. The trial court properly granted accelerated judgment as
    to all but one of the claims of defamation based on their being
    barred by the statute of limitations. The action was commenced
    after the running of the applicable statute of limitations for
    actions for libel and slander and the plaintiff did not commence
    the action within two years of his learning of the existence of
    the claim, the time period in which a person was allowed to

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 453, 468-472.
[2] 51 Am Jur 2d, Limitation of Actions § 468.
[3] 5 Am Jur 2d, Appeal and Error §§ 727, 785.
[4] 16 Am Jur 2d, Conspiracy § 52.
[5] 50 Am Jur 2d, Libel and Slander §§ 429, 437.
   73 Am Jur 2d, Summary Judgment § 13.
   61 Am Jur 2d, Pleading §§ 229, 230, 233.
   Pleading or raising defense of privilege in defamation action. 51
   ALR2d 552.
[6] 73 Am Jur 2d, Summary Judgment § 13.
[7] 51 Am Jur 2d, Limitation of Actions § 27.

bring an action after learning of the existence of a cause of action which has been fraudulently concealed according to a statute of limitations which was in effect at the time that the action was commenced. No circumstances were alleged which would have tolled the running of the statute.

2. The statements made by defendant Wilson during the course of a previous legal action initiated by the plaintiff and which were also attributed to defendant Sclawy were not actionable as a matter of law. However, defendants Wilson and Sclawy raised the issue of privilege in a motion for accelerated judgment. This was error as the proper method to raise this defense is by a motion for summary judgment based on the plaintiff's failure to state a claim upon which relief can be granted. The trial court's error in granting the mislabeled motion was not reversible error since there was no prejudice or surprise to the plaintiff.

3. Federal court decisions involving Michigan law have applied a three-year limitations period to actions for employment discrimination. Adopting these holdings as the rule in Michigan, the plaintiff's claim was barred by the statute of limitations since the action was not commenced within the three-year period. The plaintiff's allegation of fraudulent concealment does not change the result as the action was not commenced within the two-year period between the discovery of the claim and institution of this action.

Affirmed.

1. JUDGMENT — ACCELERATED JUDGMENT — STATUTE OF LIMITATIONS — COURT RULES.

A motion for accelerated judgment is the proper vehicle by which to raise the affirmative defense of the statute of limitations (GCR 1963, 116.1[5]).

2. LIMITATION OF ACTIONS — PLEADINGS — AFFIDAVITS — HEARINGS — COURT RULES.

A trial court, in deciding the efficacy of a statute-of-limitations defense, generally is permitted to rule on the basis of the complaint alone, or may, in appropriate circumstances, additionally examine any affidavits submitted by either party, or further allow an immediate hearing on disputed questions of fact prior to ruling, or may postpone any hearing on the motion until after a trial on the merits of the plaintiff's claims (GCR 1963, 116.3).

3. APPEAL AND ERROR — WRONG REASON FOR RIGHT RESULT.

A result reached by a trial court will not be disturbed on appeal

where the court achieved the right result, but assigned the wrong reason therefor.

4. Conspiracy — Gravamen of Civil Action.

The gravamen of a civil action for damages resulting from wrongful acts claimed to have been perpetrated in the furtherance of a conspiracy is not the conspiracy but the wrongful acts.

5. Libel and Slander — Privilege — Summary Judgment — Court Rules.

The proper way to raise the defense of absolute privilege to an action for defamation is by a motion for summary judgment on the ground of failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1]).

6. Judgment — Motions — Accelerated Judgment — Summary Judgment.

The Court of Appeals may treat a motion for accelerated judgment as a motion for summary judgment where there is no prejudice to the non-moving party.

7. Limitation of Actions — Employment Discrimination — Statutes.

An action by an employee alleging discrimination in employment practices is subject to a three-year limitations period under the statutory provision which requires that "all other actions to recover damages for injuries to person and property" be commenced within three years of the time the claim accrues (MCL 600.5805[7]; MSA 27A.5805[7]).

*John Wilkinson,* for plaintiff.

*Mary P. Sclawy* and *C. Thomas Wilson,* for defendants.

Before: Cynar, P.J., and D. F. Walsh and L. B. Bebeau,* JJ.

Cynar, P.J. Plaintiff appeals as of right the trial court's grant of defendants' motion for accelerated

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

judgment and the resultant dismissal of plaintiff's action with prejudice.

Plaintiff first contends that the trial court erred in concluding that the statute of limitations had run with respect to all of plaintiff's claims of defamation, save one. Specifically, plaintiff says that since he alleged fraudulent concealment of a conspiracy to defame him, the trial court should have applied MCL 600.5855; MSA 27A.5855[1] as the appropriate statute of limitations, instead of ruling on the basis of MCL 600.5805(6); MSA 27A.5805(6),[2] the subsection otherwise applicable as of the date the trial court made its ruling. Defendants argue that plaintiff failed to plead specifically those facts necessary to support a claim of fraudulent concealment[3] and that the trial judge therefore relied upon the correct limitation of actions provision in ruling.

A motion for accelerated judgment is the proper

---

[1] The provision reads as follows:

"Sec. 5855. If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

[2] On the date the order granting defendants' motion was entered, the statute read:

"Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(6) The period of limitations is 1 year for actions charging libel or slander.

The statute was amended by 1978 PA 495, and the above-noted provision is now contained in subsection (7).

[3] Defendants argue that fraudulent concealment is a species of fraud which must be pleaded with particularity, as required by GCR 1963, 112.2.

vehicle by which to raise the affirmative defense of the statute of limitations. GCR 1963, 116.1(5). The purpose of a motion for accelerated judgment is to test certain special defenses which may make trial on the merits unnecessary, even though factual issues may have to be resolved in order to rule upon the motion. *Ceplin v Bastian-Blessing Division of Golconda Corp,* 90 Mich App 527, 530; 282 NW2d 380 (1979). In deciding the efficacy of the statute of limitations defense, a trial court generally is permitted to rule on the basis of the complaint alone, or may, in appropriate circumstances, additionally examine any affidavits submitted by either party, or further allow an immediate hearing on disputed questions of fact prior to ruling, or postpone any hearing on the motion until after a trial on the merits of plaintiff's claims. GCR 1963, 116.3.

In the instant case, affidavits were filed and a hearing was held, but no testimony was heard at that time. Following the hearing, the court below found that plaintiff had alleged fraudulent concealment in his complaint. With this conclusion we agree. Although the court failed thereafter to apply MCL 600.5855 in ruling on the defendants' motion with respect to the concealment, application of the proper statute of limitations would not alter the result in this Court. The reason we arrive at this determination is that plaintiff's complaint itself establishes that he discovered the underlying defamation claims in the early part of 1975. Yet he did not commence this action until September 19, 1977, well after the two-year statute of limitations found in MCL 600.5855 had run on plaintiff's claims, since he had alleged no circumstances which would have tolled the running of the statute. *Janiszewski v Behrmann,* 345 Mich 8, 35; 75 NW2d 77 (1956).

Where, as here, the trial judge achieves the right result, but assigns the wrong reason therefor, the result will not be disturbed on appeal. *Peninsular Construction Co v Murray,* 365 Mich 694, 699; 114 NW2d 202 (1962), *inter alia.*

The language in plaintiff's complaint, intimating that a *continuing conspiracy* to defame him occurred, is of no moment. As noted in *Roche v Blair,* 305 Mich 608; 9 NW2d 861 (1943), in a civil action for damages resulting from wrongful acts (here, defamation) claimed to have been perpetrated in furtherance of a conspiracy, the gravamen of the action is not the conspiracy but the wrongful act. *Roche, supra,* 614-615. The language adverting to a conspiracy was thus superfluous insofar as it might affect the applicability of a particular statute of limitations.

Moreover, as noted earlier, plaintiff's complaint indicates that, with one exception, all the alleged instances of defamation occurred no later than early 1975, thus refuting plaintiff's own unspecific contention that they were ongoing in nature and therefore fell within the statutory period for bringing such an action. Accordingly, we conclude that plaintiff's claims of defamation against all defendants, except defendants Wilson and Sclawy, were barred by the operation of MCL 600.5855; MSA 27A.5855.

As it further appears that the trial judge relied solely on the averments contained in plaintiff's complaint as factual support for his legal conclusion, he did not impermissibly resolve controverted questions of fact in denigration of plaintiff's demand for a jury trial. See GCR 1963, 116.3. This is true notwithstanding the fact that the trial court erroneously held an affidavit hearing in this case contrary to the aforementioned proscription found

in GCR 116.3.[4] The affidavit hearing did not prejudice plaintiff or deny him his right to trial by jury where the trial judge instead relied solely on the allegations in plaintiff's complaint and accepted as true each averment therein in ruling on defendants' motion and where the complaint itself recited facts showing that plaintiff had no such entitlement. Thus, this procedural irregularity denied plaintiff no substantial right.

We conclude that statements made by defendant Wilson during the course of a previous legal action initiated by plaintiff, which were attributed to defendant Sclawy also by plaintiff, were not actionable as a matter of law, under *Sanders v Leeson Air Conditioning Corp,* 362 Mich 692, 695-696; 108 NW2d 761 (1961), and *Pagoto v Hancock,* 41 Mich App 622, 623-624; 200 NW2d 777 (1972), as allegations contained in plaintiff's complaint disclosed that these defendants were presumptively clothed with an absolute privilege to defame with respect to the statements made by them in the course of the earlier judicial proceedings, which presumption was unrebutted by any other averments in plaintiff's complaint.

However, defendants Wilson and Sclawy raised the question of privilege in their motion for accelerated judgment. This was error, as the proper method to raise the defense would be by a motion for summary judgment under GCR 1963, 117.2(1), on the ground of failure to state a claim upon which relief can be granted. *Pagoto v Hancock,*

---

[4] GCR 1963, 116.3 reads in relevant part:

"As to defenses and objections based upon subrule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of hearing."

*supra,* 623. *Cf., Pompey v General Motors Corp,* 385 Mich 537, 563; 189 NW2d 243 (1971).

However, the error of the trial court in granting the mislabeled motion was not reversible error. This Court has held that where the trial judge mistakenly grants a motion for accelerated judgment, we may consider whether the decision may be upheld under the summary judgment rule, at least where there is no prejudice to the plaintiff. *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670, 679; 264 NW2d 92 (1978), *Warvel v Michigan Community Blood Center,* 74 Mich App 440, 444; 253 NW2d 791 (1977), *Stewart v Trout,* 73 Mich App 378, 383; 251 NW2d 594 (1977).

We detect no prejudice to plaintiff, or surprise, which would constrain us to reverse the ruling below, solely because the motion was mislabeled and the court's ruling thereupon was predicated on the wrong court rule. Plaintiff was clearly put on notice of the *underlying basis* for defendants' motion, and that the relief sought by defendants Wilson and Sclawy was a dismissal of plaintiff's claims against them. The result arrived at was correct under the circumstances, as defendants were entitled to a grant of summary judgment on the facts as stated in plaintiff's complaint. *Pagoto v Hancock, supra,* 623-624, *Sanders v Leeson Air Conditioning, supra,* 695-696.

Finally, we are asked to review the trial court's grant of defendants' motion for accelerated judgment with respect to plaintiff's claim of employment discrimination, again on the basis that the applicable statute of limitations had run on plaintiff's claim. The lower court ruled that the appropriate limitation for bringing such an action was three years, and that the statute had begun to run more than three years prior to the commencement

of the instant action by plaintiff. However, the court cited neither statute nor judicial decision as authority for the proposition that the three-year period was the relevant span within which one must institute an action for employment discrimination.

What limitation of actions provision is controlling as against this claim of plaintiff's is a question of first impression in Michigan. Plaintiff argues that an action for employment discrimination falls under MCL 600.5813; MSA 27A.5813 as an "other personal action", and is thus subject to a six-year statute of limitations.

Defendants urge us to hold that an action for damages relating to employment discrimination is in actuality a claim for damages for injury to a person and therefore falls within the ambit of MCL 600.5805(7); MSA 27A.5805(7), as in effect on the date the order granting defendants' motion for accelerated judgment was entered.[5]

There are no Michigan cases on point. However, there are Federal decisions which have faced the precise question before us, while applying Michigan law. Although not binding precedent, we find their reasoning illuminating and highly persuasive. In *Marlowe v Fisher Body*, 489 F2d 1057 (CA 6, 1973), Judge Lively, writing for a unanimous court, held that MCL 600.5805(7) applied to an action by an employee alleging discrimination in

---

[5] On the date the order granting defendants' motion was entered, the statute in relevant portion stated:

"Sec 5850. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed this section.

\* \* \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

employment practices. *Marlowe, supra,* 1063. Accord, *Weldon v Detroit Board of Education,* 403 F Supp 436, 438 (ED Mich, 1975). We adopt the holdings in these cases as the rule in Michigan.

We conclude that, generally, the provision to be applied in ruling on whether a claim of alleged employment discrimination is barred is MCL 600.5805(7). On the face of plaintiff's complaint in the case at bar, it is stated that he has not been employed by defendant Grand Trunk Western Railroad since 1973. Necessarily, any acts of employment discrimination must have occurred during or before that year. We note parenthetically that plaintiff averred that his discrimination claim was founded upon MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.,* thus circumscribing any such claim within the confines of his employment. Since, at a minimum, three years nine months had elapsed between the last possible date employment discrimination could have occurred and the date plaintiff commenced this action, plaintiff's complaint itself would ordinarily supply the factual support for the lower court's ruling.

However, we note that a fraudulent concealment is alleged with regard to this claim. This does not alter the result in the court below, for as mentioned earlier, plaintiff discovered this claim, at the latest, in early 1975. If MCL 600.5855; MSA 27A.5855 is applied instead of MCL 600.5805(7), our disposition is the same. Under either provision, plaintiff's action for employment discrimination would be barred. If MCL 600.5855 is applied, more than two years passed between discovery of the claim and institution of this suit and the action is barred thereunder. If MCL 600.5805(7) is employed, nearly four years passed between plaintiff's last day on the job and the commencement of

the instant litigation and the claim is without the statute and therefore barred by its terms.

Having discovered no error which would compel reversal, we affirm the disposition in the court below.

Affirmed. Costs to defendants.