Janet K. **VANDENHOUT,** Plaintiff,

v.

**MANCHESTER PLASTICS, INC.,** a
**Michigan corporation,** Defendant.

**Civ. A. No. 81–60005.**

United States District Court,
E. D. Michigan, S. D.

May 11, 1982.

Deborah L. Gordon, Detroit, Mich., for plaintiff.

Nancy L. Hutcheson, Linda S. Walton, Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This sex discrimination in employment suit states theories of recoveries under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 206(d), and the Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101 *et seq.*

The Defendant Manchester Plastics has moved for summary judgment on various aspects of the complaint. At oral argument on May 3, 1982, the court ruled from the bench on all aspects of the defendant's motion except one. The only issue remaining to be resolved is defendant's motion to dismiss as time-barred all plaintiff's claims under Elliott-Larsen for discrimination in pay, insofar as those claims accrued before January 12, 1978. For the reasons which follow, defendant's motion is granted with respect to this issue.

Plaintiff filed her original complaint *pro se* on January 12, 1981. On July 21, 1981, she amended the complaint to state in Count III a cause of action under Elliott-Larsen for denial of "equal employment opportunity." One aspect of Count III appears to be a claim that plaintiff was paid less than her male counterparts performing substantially similar work, a claim virtually identical to her federal claim under the Equal Pay Act.

Defendant argues that a back pay award under M.C.L.A. § 37.2801(1) for a discrimination-in-pay violation of Elliott-Larsen, M.C.L.A. § 37.2202(1)(a), may not extend back more than three years before the date the complaint was initially filed. Plaintiff argues that the discrimination-in-pay violation was continuing in nature since carried out under a single wrongful policy, the discriminatory employment contract. If the wrong was continuing, so the argument goes, plaintiff can recover damages for as long as she worked under the discriminatory policy, or back to November 4, 1976 when she was first hired by the defendant.

Employment discrimination claims under Elliott-Larsen generally appear to be sub-

ject to a three-year statute of limitations. M.C.L.A. § 600.5805(8); *Gilbert v. Grand Trunk Western Railroad*, 95 Mich.App. 308, 290 N.W.2d 426 (1980) (applying M.C.L.A. § 600.5805(8), formerly M.C.L.A. § 600.5805(7), to employment discrimination claim brought under Fair Employment Practices Act, M.C.L.A. § 423.301 *et seq.* (repealed 1977), Elliott-Larsen's predecessor statute). See also *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973); *Weldon v. Detroit Board of Education*, 403 F.Supp. 436 (E.D. Mich.1975).

No Michigan courts appear to have addressed the issue of how far back a damage award for a discrimination-in-pay violation of Elliott-Larsen may extend. However, a number of courts, construing the Equal Pay Act, have held that a new cause of action accrues on each pay day. E.g., *Soler v. G and U, Inc.*, 86 F.R.D. 524 (S.D.N.Y.1980); *Nitterright v. Claytor*, 454 F.Supp. 130 (D.D.C.1978); *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041 (5th Cir.), *cert. denied*, 414 U.S. 822, 94 S.Ct. 121, 38 L.Ed.2d 55 (1973).

There does not appear to be any significant difference between the statute of limitations provision applicable to Equal Pay Act claims, 29 U.S.C. § 255(a), and the limitations provision applicable to Elliott-Larsen claims, M.C.L.A. § 600.5805(8). Furthermore, there does not appear to be any significant difference between a federal claim under the Equal Pay Act and a state discrimination-in-pay claim under Elliott-Larsen. Since the reasoning of the cases cited above is sound, the court adopts their holdings. For purposes of plaintiff's discrimination-in-pay claims under Elliott-Larsen, a separate cause of action accrued at each regular pay day immediately following the work period during which her services were rendered.

Therefore, since a three-year statute of limitations applies, plaintiff's claims under Elliott-Larsen for discrimination in pay, insofar as those claims accrued before January 12, 1978—three years before she filed her initial complaint—are barred.

So ordered.