PERLONGO v IRON RIVER COOPERATIVE TV ANTENNA
CORPORATION

Docket No. 61135. Submitted October 14, 1982, at Escanaba.—Decided
    January 10, 1983.

Alfred Perlongo brought an action against the Iron River Cooper-
    ative TV Antenna Corporation and its officers and directors to
    compel the defendants to comply with the Freedom of Informa-
    tion Act and the Open Meetings Act. The Iron Circuit Court, V.
    Robert Payant, J., granted accelerated judgment to the defen-
    dants, finding that the defendant corporation is not a public
    body within the meaning of the statutes involved and therefore
    is not subject to the statutory provisions. Plaintiff appeals.
    *Held:*

    1. The defendant corporation is not a public body within the
    meaning of the acts. The fact that it was granted a franchise to
    operate by the city does not make it a public body, nor does it
    become so by reason of its regulation by the Federal Communi-
    cations Commission. The trial court properly concluded that
    the defendants are not subject to the Freedom of Information
    Act or the Open Meetings Act.

    2. The proper relief should have been summary, rather than
    accelerated, judgment. The judgment may be upheld, however,
    as there is no prejudice to the plaintiff in doing so.

    Affirmed.

1. CORPORATIONS — TELECOMMUNICATIONS — PUBLIC BODIES — OPEN
    MEETINGS ACT — FREEDOM OF INFORMATION ACT.

    A private, nonstock, nonprofit cable television corporation is not
    a "public body" for purposes of either the Open Meetings Act
    or the Freedom of Information Act (MCL 15.232[b], 15.262[a];
    MSA 4.1801[2][b], 4.1800[12][a]).

2. CORPORATIONS — TELECOMMUNICATIONS — PUBLIC BODIES — OPEN
    MEETINGS ACT — FREEDOM OF INFORMATION ACT.

    Neither the granting of a license or franchise by a city to a
    private cable television corporation nor the fact of state or

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 66 Am Jur 2d, Records and Recording Laws § 36.

federal regulation of the corporation makes the corporation a "public body" for purposes of the Open Meetings Act or the Freedom of Information Act (MCL 15.232[b], 15.262[a]; MSA 4.1801[2][b], 4.1800[12][a]).

*Fisher, Omdahl & Tousignant* (by *Torger G. Omdahl*), for plaintiff.

*Petrucelli & Petrucelli* (by *Vincent R. Petrucelli*), for defendants.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiff brought this action to compel Iron River Cooperative TV Antenna Corporation and its officers to comply with the Michigan Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* and the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.* Plaintiff sought equitable relief, exemplary damages, costs, and attorney's fees. Following the grant of accelerated judgment for defendants, plaintiff appeals by right.

The Freedom of Information Act defines "public body" as:

"(b) 'Public body' means:

"(i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.

"(ii) An agency, board, commission, or council in the legislative branch of the state government.

"(iii) A county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a

board, department, commission, council, or agency thereof.

"(iv) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.

"(v) The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk to the circuit court, is not included in the definition of public body." MCL 15.232(b); MSA 4.1801(2)(b).

The Open Meetings Act defines "public body" as:

"(a) 'Public body' means any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, which is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function, or a lessee thereof performing an essential public purpose and function pursuant to the lease agreement." MCL 15.262(a); MSA 4.1800(12)(a).

We conclude, as did the trial court, that these acts do not apply to these defendants. Iron River Cooperative TV Antenna Corporation is not a municipal corporation as alleged in the plaintiff's brief and as named in the suit. The articles of incorporation, contained in the record, show that the corporation is a nonstock, nonprofit corporation and was not "created" by state or local authority as alleged. The articles of incorpoation indicate that the corporation was originally formed in 1957 by four individual incorporators. These four individuals were also the first four officers of the corporation. The first board of directors had 15 members. While some of these individuals were also members of the city commission, this does not establish that the corporation was either created by the city or that the organizations

were one and the same. The fact that the corporation was given a nonexclusive franchise to operate within the city and was governed by a duly adopted city ordinance does not alone make it a public body empowered by the city. Cities have the power to regulate private companies through their ordinances. The granting of a license or a franchise does not make defendant corporation a public body. Finally, the corporation is funded by membership subscriptions and not by public funds.

In *White v City of Ann Arbor,* 406 Mich 554; 281 NW2d 283 (1979), the Michigan Supreme Court held that cable television systems are public utilities for the purposes of the Subdivision Control Act, MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.* However, the Michigan Public Service Commission has in the past declined to assume jurisdiction over the cable television industry. *White,* p 578. In any event,

"[t]he fact that a utility is regulated by a state body does not convert that utility from a private utility company to a public body." *Dowden v Central Louisiana Electric Co, Inc,* 368 So 2d 465, 467 (La App, 1979).

Defendant corporation is substantially similar to other cable television companies and airwave television stations. These are private companies, albeit heavily regulated by the FCC, and are not subject to the Freedom of Information Act or the Open Meetings Act.

We are persuaded that summary judgment, not accelerated judgment, should have been granted pursuant to GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted, and we uphold the trial court's judgment. *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 315; 290 NW2d 426 (1980); *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670, 679; 264 NW2d 92 (1978).

Affirmed. No costs, a public question.