

# THE ATTORNEY GENERAL
## OF TEXAS

December 29, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Tom Craddick              Opinion No. JM-596
Chairman
Committee on Natural Resources      Re: Whether nonprofit water supply
Texas House of Representatives      corporations are subject to the
P. O. Box 2910                      Open Meetings and Open Records
Austin, Texas  78769                Acts

Dear Representative Craddick:

You inquire whether nonprofit water supply corporations are
required to comply with the Texas Open Records Act, article 6252-17a,
V.T.C.S., and the Texas Open Meetings Act, article 6252-17, V.T.C.S.
Nonprofit water supply corporations may receive state financial
assistance under legislation implementing the Texas water development
plan. See Tex. Const. art. III, §§49-d -- 49-f, proposed by H.J.R. 6,
69th Leg. (1985); see also Water Code, chs. 15, 16, 17. Those that
receive financial assistance from the state are required by sections
15.006, 16.002, and 17.002 of the Water Code to comply with the Open
Records and Open Meetings Acts.

You express concern that other nonprofit water supply
corporations which do not receive assistance from the state deny
access to their books and records to interested persons. You also
inquire whether nonprofit water supply corporations which do not
receive such assistance must comply with the Open Meetings and Open
Records Act. You specifically ask:

> Are nonprofit water supply corporations by law,
> whether statutory or otherwise, required to comply
> with the open meetings and open record laws of our
> state in circumstances other than those presented
> in the aforementioned sections 15.006, 16.002 and
> 17.002? If affirmative, what are those circum-
> stances?

Article 1434a, V.T.C.S., authorizes the establishment of corporations
to furnish a water supply, sewer service, or both, to towns, cities,
private corporations, individuals, and military camps and bases.
V.T.C.S. art. 1434a, §1; Attorney General Opinion M-1242 (1972).
Three or more persons may form such a corporation and shall apply to
the secretary of state for a charter in the manner provided by law for

private corporations.  Id. §3(a).  Water supply corporations created under article 1434a, V.T.C.S., are nonprofit corporations.  Attorney General Opinions M-840 (1971); 0-3433 (1941); see Parks v. Elliott, 465 S.W.2d 434 (Tex. Civ. App. - Houston [14th Dist.] 1971, writ ref'd n.r.e.).  They are public utilities which are required to hold a certificate of convenience and necessity under article VII of the Public Utility Regulatory Act, article 1446c, V.T.C.S., although they are not subject to the rate-making provisions of that act.  V.T.C.S. art. 1446c, §3(c); §§49-62.

A nonprofit water supply corporation that is not subject to sections 15.006, 16.002 or 17.002 of the Water Code must fall within the definition of "governmental body" found in the Open Records Act in order to be subject to the access and disclosure provisions of that statute.  "Governmental body" is defined by the Open Records Act as follows:

(A) any board, commission, department, committee, institution, agency, or office within the executive or legislative branch of the state government, or which is created by either the executive or legislative branch of the state government, and which is under the direction of one or more elected or appointed members;

(B) the commissioners court of each county and the city council or governing body of each city in the state;

(C) every deliberative body having rulemaking or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city;

(D) the board of trustees of every school district, and every county board of school trustees and county board of education;

(E) the governing board of every special district;

(F) the part, section, or portion of every organization, corporation, commission, committee, institution, or agency which is supported in whole or in part by public funds, or which expends public funds.  Public funds as used herein shall mean funds of the State of Texas or any governmental subdivision thereof;

(G) the Judiciary is not included within this definition.

V.T.C.S. art. 6252-17a, §2.

A nonprofit water supply corporation is not a political sub-division. Tarrant County Water Supply Corporation v. Hurst-Euless-Bedford Independent School District, 391 S.W.2d 162 (Tex. Civ. App. - Fort Worth 1965, writ ref'd n.r.e.); Attorney General Opinion M-1070 (1972). Even though a city may contract with a water supply corpora-tion to receive services, it may not delegate any of its sovereign powers to the corporation. Attorney General Opinion M-1070 (1972).

A water supply corporation is not an entity within the executive or legislative branch of government, and thus does not fall within the definition of governmental body stated in section 2(1)(A) of the Open Records Act. Since it is not a political subdivision and may not exercise delegated governmental powers, a nonprofit water supply corporation is not a governmental body within subsections 2(1)(B) through 2(1)(F) of the Open Records Act. See also Open Records Decision Nos. 343, 302 (1982); 228 (1979); compare Open Records Decision No. 343 with No. 228. Cf. Attorney General Opinion M-1070 (1972).

The Open Meetings Act applies to meetings of governmental bodies. V.T.C.S. art. 6252-17, §2(a). Therefore, to be subject to the Open Meetings Act, an entity as an initial matter must be a governmental body as that term is defined in the Act:

> (c) 'Governmental body' means any board, com-mission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commis-sioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a depart-ment, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

V.T.C.S. art. 6252-17, §1(c). Our discussion of the meaning of "governmental body" in the Open Records Act demonstrates that an article 1434a corporation is not "within the executive or legislative department of the state" and that it is not any of the political subdivisions or other local entities enumerated in the definition of

"governmental body."  See Tarrant County Water Supply Corporation v. Hurst-Euless-Bedford Independent School District, supra; Attorney General Opinion M-1070 (1972).  The Open Meetings Act does not include any provision comparable to the definition of "governmental body" found in section 2(1)(F) of the Open Records Act, which refers to corporations supported in whole or in part by public funds.  We conclude that a nonprofit water supply corporation need not comply with the Open Meetings Act unless it is required to do so by sections 15.006, 16.002, or 17.002 of the Water Code.  See generally Perlongo v. Iron River Cooperative TV Antenna Corporation, 332 N.W.2d 502 (Mich. App. 1983) (state Freedom of Information Act and Open Meetings Act did not apply to nonstock, nonprofit cable TV corporation).

The Texas Non-Profit Corporation Act, article 1396, §§1.01-11.01, V.T.C.S., however, provides access to certain kinds of information held by a nonprofit corporation.  See V.T.C.S. arts. 1396-2.23, 1396-2.23A.  The Texas Non-Profit Corporation Act provides in article 1396-2.01, subdivision B, that its provisions shall not apply to any corporation

> [i]f any one or more of its purposes for the conduct of its affairs in this State is to engage in water or sewer service and it has heretofore or is hereafter incorporated under . . . Article 1434(a), Revised Civil Statutes of Texas, 1925.

V.T.C.S. art. 1396-2.01, subdiv. B(5).

Section 2.01, subdivision B(5), was included in the original Non-Profit Corporation Act, which was enacted in 1959.  Acts 1959, 56th Leg., ch. 162, art. 2.01, at 286.  A 1961 amendment added the following provision:

> G.  This Act shall not apply to those corporations excepted under Article 2.01 B, Subsections (3), (4), and (5) of this Act; provided however, that if any of said excepted domestic corporations were heretofore or are hereafter organized not for profit under special statutes which contain no provisions in regard to some of the matters provided for in this Act . . . then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes.

V.T.C.S. art. 1396-10.04, subdiv. G; Acts 1961, 57th Leg., ch. 302, at 653.  The emergency clause of the bill which added subsection 10.04, subdivision G, to article 1396 provides as follows:

> [T]he fact that some types of non-profit corpora-
> tions are organized in this State under laws
> specifically applicable to them, which laws do not
> provide for many matters contained in the Texas
> Non-Profit Corporation Act, create[s] an emergency
> and an imperative public necessity. . . .

Acts 1961, 57th Leg., ch. 302, §3, at 653. The emergency clause in a statute may be considered in ascertaining legislative intent, even if it cannot be given effect as such. Grayburg Oil Co. v. Giles, 186 S.W.2d 680 (Tex. 1945); Popham v. Patterson, 51 S.W.2d 680 (Tex. 1932). Section 10.04, subdivision G, modifies the section 2.01, subdivision B, exemption for nonprofit water supply corporations from the provisions of article 1396. The quoted emergency clause demonstrates that the provisions of the Texas Non-Profit Corporation Act are to supplement the provisions of specific incorporation statutes like article 1434a, V.T.C.S.

Attorney General Opinion M-840 (1971) also concluded that article 1434a, V.T.C.S., should be supplemented by the provisions of article 1396, V.T.C.S. It held that article 1396-10.04, subdivision G, V.T.C.S., requires the articles of incorporation of a nonprofit water supply corporation to state "that the corporation is a non-profit corporation" in compliance with article 1396-3.02, subdivision A(2), V.T.C.S.

The Texas Non-Profit Corporation Act includes the following requirements for access to certain records of corporations subject to its provisions:

> A. Each corporation shall keep correct and
> complete books and records of account and shall
> keep minutes of the proceedings of its members,
> board of directors, and committees having any
> authority of the board of directors and shall keep
> at its registered office or principal office in
> this State a record of the names and addresses of
> its members entitled to vote.
>
> B. All books and records of a corporation may
> be inspected by any member, or his agent or
> attorney, for any proper purpose at any reasonable
> time.

V.T.C.S. art. 1396-2.23.

> A. A corporation shall maintain current true
> and accurate financial records with full and
> correct entries made with respect to all financial

transactions of the corporation, including all income and expenditures, in accordance with generally accepted accounting practices.

B. Based on these records, the board of directors or trustees shall annually prepare or approve a report of the financial activity of the corporation for the preceding year. The report must conform to accounting standards as promulgated by the American Institute of Certified Public Accountants and must include a statement of support, revenue, and expenses and changes in fund balances, a statement of functional expenses, and balance sheets for all funds.

C. All records, books, and annual reports of the financial activity of the corporation shall be kept at the registered office or principal office of the corporation in this state for at least three years after the closing of each fiscal year and shall be available to the public for inspection and copying there during normal business hours. The corporation may charge for the reasonable expense of preparing a copy of a record or report.

D. A corporation that fails to maintain financial records, prepare an annual report, or make a financial record or annual report available to the public in the manner prescribed by this article is guilty of a Class B misdemeanor.

E. This article does not apply to: [exemptions not relevant]. (Emphasis added).

V.T.C.S. art. 1396-2.23A.

Article 1434a, V.T.C.S., includes no provision for record-keeping by nonprofit water supply corporations or for inspection of corporate records by corporation members or the general public. Accordingly, section 10.04, subdivision G, of article 1396, V.T.C.S., requires that sections 2.23 and 2.23A of article 1396, V.T.C.S., apply to nonprofit water supply corporations. The inspection rights described in these sections apply to all such water supply corporations, in addition to any inspection rights under the Open Records Act which may apply to particular nonprofit water supply corporations.

## S U M M A R Y

Sections 15.006, 16.002, and 17.002 of the Water Code require a nonprofit water supply corporation organized under article 1434a, V.T.C.S., to comply with the Texas Open Records Act, article 6252-17a, V.T.C.S., and the Texas Open Meetings Act, article 6252-17, V.T.C.S., if it receives state financial assistance. Nonprofit water supply corporations which are not subject to these Water Code provisions are not required by any other law to comply with the Open Meetings Act or the Open Records Act. All nonprofit water supply corporations organized pursuant to article 1434a, V.T.C.S., are subject to articles 1396-2.23, and 1396-2.23A, V.T.C.S., relating to the inspection of certain records of nonprofit corporations.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General