CHONICH v FORD

Docket No. 57033. Submitted February 16, 1982, at Detroit.—Decided
    April 22, 1982. Leave to appeal applied for.

   Dr. Milan M. Chonich and others brought an action in the Wayne
      Circuit Court against Juanita Ford, a member of the Wayne
      County Community College Board of Trustees, alleging that
      defendant defamed plaintiffs when she read a written state-
      ment at a meeting of the Board of Trustees asserting that Dr.
      Afr and three of his subordinates, plaintiffs, had received large
      home mortgages from American Federal Savings on the same
      day that Afr transferred $7,000,000 of college funds from First
      Federal Savings to American Federal Savings. The court,
      Henry J. Szymanski, J., granted defendant's motion for sum-
      mary judgment on the basis that there existed no genuine issue
      as to any material fact and holding that defendant's statements
      were entitled to an absolute privilege. Plaintiffs appealed. *Held:*

      Absolute privileges are extended to legislative and quasi-
      legislative body members carrying out their official duties so
      that the public's right to know will be maximized and the
      numerous legislative bodies in society cannot operate in the
      dark, knowing that their activities will not likely be subject to
      public scrutiny. Defendant's statements were absolutely privi-
      leged.

      Affirmed.

1. LIBEL AND SLANDER — PRIVILEGE — SUMMARY JUDGMENTS —
   COURT RULES.

   The proper way to raise the defense of absolute privilege to an
      action for defamation is by a motion for summary judgment on
      the ground of failure to state a claim upon which relief can be
      granted (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Libel and Slander §§ 193, 437.
   61A Am Jur 2d, Pleading § 230.
   73 Am Jur 2d, Summary Judgment § 17.
[2] 61 Am Jur 2d, Pleading §§ 230, 231.
   73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3, 4] 50 Am Jur 2d, Libel and Slander §§ 221-223.

2. Motions and Orders — Summary Judgments — Genuine Issue of Material Fact — Court Rules.

A motion for summary judgment based on the failure to state a claim upon which relief can be granted tests only the legal sufficiency of the pleadings, whereas a motion for summary judgment based on the ground that there is no genuine issue as to any material fact tests the factual support of a claim; a motion brought under the subsection of the court rules concerning a failure to state a claim but which encompasses a testing of the sufficiency of the facts will be treated as having been brought under the subsection of the court rules concerning a failure to sufficiently plead facts necessary to warrant relief, if neither party was misled by the failure to cite the proper subsection of the court rules (GCR 1963, 117.2[1], 117.2[3]).

3. Libel and Slander — Privilege — Absolute Privilege — Legislative Body.

The fact that a public official is a member of a legislative body and is in attendance at a duly convened proceeding of such body does not afford him an invitation to undertake an unrestricted slanderous campaign against whomever he pleases, concerning whatever he pleases, with an absolute privilege from liability for defamation; in addition to being spoken during a legislative session or a quasi-legislative session, the statements at issue must be made by the public official while in the process of carrying out an official duty in order to be absolutely privileged.

4. Libel and Slander — Privilege — Absolute Privilege.

Absolute privileges are extended to legislative and quasi-legislative body members carrying out their official duties so that the public's right to know will be maximized and the numerous legislative bodies in society cannot operate in the dark, knowing that their activities will not likely be subject to public scrutiny.

*Van Til, Kasiborski & Ronayne* (by *John J. Ronayne* and *Sharla A. Schipper*), for plaintiffs.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes* (by *Ellen C. Glovinsky*), for defendant.

Before: MacKENZIE, P.J., and BRONSON and T. R. THOMAS,* JJ.

BRONSON, J. Plaintiffs commenced this defamation action on September 17, 1980, in the Wayne County Circuit Court. On March 6, 1981, the circuit court granted defendant's motion for summary judgment on the basis that there existed no genuine issue as to any material fact and holding that defendant's statements were entitled to an absolute privilege. GCR 1963, 117.2(3).[1] From this order, plaintiffs appeal as of right.

According to plaintiffs' original complaint, defendant read from a written statement at an August 27, 1980, meeting of the Wayne County Community College Board of Trustees, asserting that Dr. Mostafa Afr and three of his subordinates, the plaintiffs,[2] had all received large home mortgages from American Federal Savings on the same day that Afr transferred $7,000,000 of college funds from First Federal Savings to American Federal Savings. Plaintiffs asserted that these statements were false and defamatory and spoken by defendant with reckless disregard for the truth.

Plaintiffs first assert that the motion for summary judgment was improperly granted because defendant actually brought it pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted, and not pursuant to GCR 1963, 117.2(3), no genuine issue as to any material fact, the basis upon which the court granted the motion. We disagree.

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant also moved for accelerated judgment. However, the court declined to rule on that motion since it determined the motion for summary judgment should be granted.

[2] Dr. Afr was a named plaintiff in the original action against defendant. However, after the circuit court granted defendant's motion for summary judgment, Afr dropped out of the suit.

When summary judgment is sought on the basis of an absolute privilege, some panels of this Court have held that GCR 1963, 117.2(1) is the proper basis upon which to bring such a motion. *Pagoto v Hancock,* 41 Mich App 622; 200 NW2d 777 (1972), *Gilbert v Grand Trunk W R,* 95 Mich App 308, 314-315; 290 NW2d 426 (1980), *lv den* 410 Mich 854 (1980). In actuality, however, whether such a motion should be brought pursuant to GCR 1963, 117.2(1) or GCR 1963, 117.2(3) depends on the thoroughness of the pleadings. See *Brunn v Weiss,* 32 Mich App 428, 429-430; 188 NW2d 904 (1971). The question in each case is whether the pleadings, themselves, are sufficient to set forth a cause of action or whether the court must look beyond the pleadings in considering the motion to determine if there exists factual support for plaintiff's allegations. See *Todd v Biglow,* 51 Mich App 346, 349-350; 214 NW2d 733 (1974); *lv den* 391 Mich 816 (1974). In the instant matter, after examination of plaintiffs' original complaint, it is our opinion that defendant did, in fact, bring her motion for summary judgment on the correct basis, and, as will be detailed below, the motion should have been granted for failure to state a claim upon which relief can be granted. Assuming, *arguendo,* that the trial court needed to consider facts not set forth in the pleadings to reach its determination, any such facts were not in dispute and were fully brought to the court's attention at the March 6, 1981, hearing on the motion. In any case, as we held in *Todd, supra,* when a motion for summary judgment is brought under GCR 1963, 117.2(1) but really tests the sufficiency of the factual support for the claim, the motion should be treated as one based on GCR 1963, 117.2(3) so long as neither party has been misled. See, also, *Walker v Cahalan,* 97 Mich App 346, 355; 296 NW2d 18

(1980), *rev'd on other grounds* 411 Mich 857; 306 NW2d 99 (1981). In this case, it is clear that, whatever the formally pled grounds for defendant's motion, it was based on an assertion of absolute privilege, and plaintiffs were not misled or surprised by the lower court's substantive foundation for its order granting summary judgment.

Plaintiffs also assert that, in any case, defendant's remarks were not absolutely privileged. We disagree, finding that this presents one of the rare situations in which Michigan law recognizes an absolute privilege.

In *Raymond v Croll,* 233 Mich 268, 272; 206 NW 556 (1925), the Michigan Supreme Court quoted with approval from Newell, Slander and Libel (4th ed), § 351, stating:

" 'Cases of absolute privilege are not numerous, and the courts refuse to extend their number. They are divided into three classes. (1) Proceedings of legislative bodies; (2) Judicial proceedings; and (3) Communications by military and naval officers.' "

See, also, *Timmis v Bennett,* 352 Mich 355, 361; 89 NW2d 748 (1958).

We are here concerned with the absolute privilege for statements made during the course of legislative proceedings. This privilege has been held to extend to subordinate and quasi-legislative bodies. See *Gidday v Wakefield,* 90 Mich App 752, 755-756; 282 NW2d 466 (1979), *lv den* 407 Mich 893 (1979), and the cases cited therein.

Plaintiffs, citing the following excerpt from *Gidday,* argue that defendant here is not entitled to an absolute privilege:

"The finding that the proceeding lends itself to application of the doctrine of absolute privilege does not,

however, end our inquiry. The fact that a public official is a member of a legislative body and is in attendance at a duly convened proceeding of such body does not afford him an invitation to undertake an unrestricted slanderous campaign against whomever he pleases, concerning whatever he pleases. In addition to being spoken during a legislative or quasi-legislative session, the statements at issue must be made by the public official while in the process of carrying out an official duty." *Id.,* 756.

Plaintiffs assert that the making of the statements in issue was "not an essential function of the defendant's position", that defendant's allegations "were not a proper subject for consideration by the board of trustees", and that "defendant was not acting in a * * * quasi-legislative capacity". Each of these claims will be considered in turn.

Plaintiffs' argument that defendant's conduct did not constitute an essential function of her official duty is premised primarily on the basis that her statements were not made during a debate on an agenda item nor in response to the comments of another person. We have no problem in concluding that the administration of the school's financial matters is, indeed, entrusted to the Wayne County Community College Board of Trustees as an official duty or function. See MCL 389.121; MSA 15.615(1121) through MCL 389.144; MSA 15.615(1144). Indeed, MCL 389.142; MSA 15.615(1142) specifically deals with the authority and duties of the community college boards of trustees to invest and deposit school funds. As such, any discussion of possible misuse of college funds is related to the school's development, maintenance, operation and security and must be deemed part of defendant's officially sanctioned functions.

Plaintiffs also assert that discussion of the possi-

ble misuse of college funds was not an essential part of defendant's duties because an agreement between the board of trustees and various administrators, including plaintiffs, provides for private disciplinary hearings. We agree with defendant, however, that the alleged misuse of millions of dollars of college funds is more than a mere private employment problem but, rather, an important public topic going to the very financial integrity of the school.

In any case, the existence of alternative dispute resolution mechanisms does not necessarily defeat an absolute privilege. For instance, in *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977), the defendant mayor of Romulus asserted at a city council meeting that the plaintiff councilman had failed to pay property taxes on certain property. Plaintiff argued that the mayor was not engaged in an official duty at the time of the allegation because he had failed to timely direct the matter to the proper authorities, the tax commission, which could assess property tax deficiencies. This Court held that, even if the plaintiff's allegations were true, this would not take the mayor's statements outside the scope of his official duties. *Id.,* 384. We believe this same rationale is applicable in this case.

Plaintiffs assert that the allegations were not a proper subject for consideration at a board meeting because the Open Meetings Act, specifically § 8 of the act, being MCL 15.268(a); MSA 4.1800(18)(a), allows a public body to meet in closed session to consider the dismissal, suspension, or disciplining of its employees. We first note that § 8 of the Open Meetings Act merely permits the public body to meet in a closed session, it does not require a closed meeting. As such, the fact that defendant

made her statements at a public meeting does not deprive her of the right to claim an absolute privilege.

Even if plaintiffs correctly asserted that a disciplinary hearing must be held in private, defendant's remarks did not call for the disciplining of anybody. Rather, defendant called for further investigation of charges which had been brought in two anonymous letters, alleging misuse of college funds.

Plaintiffs also contend that defendant was not acting in a quasi-legislative capacity at the time she made her statements, relying primarily on *Parks v Johnson,* 84 Mich App 162; 269 NW2d 514 (1978), *lv den* 405 Mich 820 (1979). In *Parks,* as part of her official duties, defendant, a school principal, made allegedly defamatory statements about plaintiff, a school counselor, in a written evaluation of plaintiff's performance. This Court conceded that the alleged defamation occurred while defendant acted within the scope of an official duty but refused to extend the classic limits of absolute privilege. *Id.,* 167-168. It was not, as plaintiffs seem to argue, the fact that *Parks* involved potential disciplinary action against the school employee which rendered the principal's written comments not absolutely privileged. Instead, no absolute privilege was found because the principal was not acting within a judicial or legislative capacity. Here, however, defendant's comments came within the course of a regularly convened meeting of a subordinate legislative body, to-wit: the Wayne County Community College Board of Trustees.

Absolute privilege applies to matters of public concern in regard to which, as a matter of policy and the general welfare of society, persons should

be allowed to express their views boldly and without fear of legal repercussions. *Timmis, supra,* 364. Absolute privileges are extended so that the public's right to know will be maximized and the numerous legislative bodies in society cannot operate in the dark, knowing that their activities will not likely be subject to public scrutiny.

Plaintiffs' unduly restrictive vision of the circumstances under which an absolute privilege may be claimed would defeat the policy reasons underlying the recognition of absolute privilege. If members of legislative bodies are not free to speak their minds on those matters within their domain because the subject of their remarks is not officially part of an agenda, a body's majority could stop important information from ever coming before the public eye simply by refusing to place the item on the agenda. Certainly the taxpaying public which supports Wayne County Community College would have the right to know that its tax dollars are being misused for personal gain. It may well be that in this case defendant's statements were recklessly made. However, this is not a matter for our resolution. If only a qualified privilege were recognized for legislative communications, the public's right to know would be hampered as officials with legitimate information would be inhibited from bringing it to the public's attention—not because the information is thought to be arguably inaccurate—but because the officials would know that their comments could entangle them in a legal dispute which almost surely could only be resolved through a full trial.[3]

---

[3] A qualified privilege, unlike an absolute privilege, can be overcome by proof that the statements were made with actual malice. *Tocco v Piersante,* 69 Mich App 616, 629; 245 NW2d 356 (1976), *lv den* 399 Mich 882 (1977). Since whether or not an actor's statements were made with actual malice puts into controversy the actor's state of mind, summary judgment is rarely appropriate. See *Walker v Caha-*

Plaintiffs finally contend that, if summary judgment was properly granted based on their original complaint, then they should have been granted leave to file an amended complaint. We recognize that GCR 1963, 118.1 requires that leave to amend be freely given when justice so requires. In this case, however, we have examined the copy of plaintiffs' amended complaint appearing in the lower court file and conclude that it fails to overcome the defect causing the dismissal of the original complaint, that is, it fails to allege any new facts which would overcome the inevitable and inexorable conclusion that defendant's comments were absolutely privileged. See *Biff's Grills, Inc v State Highway Comm*, 75 Mich App 154, 160; 254 NW2d 824 (1977), *lv den* 401 Mich 827 (1977).

Affirmed. No costs, a public question being involved.

*lan*, 411 Mich 857; 306 NW2d 99 (1981), *reversing* 97 Mich App 346; 296 NW2d 18 (1980), *Tumbarella v Kroger Co*, 85 Mich App 482, 492; 271 NW2d 284 (1978), *lv den* 406 Mich 939 (1979).