## GROSTICK v ELLSWORTH

Docket No. 84476. Submitted June 24, 1986, at Grand Rapids. Decided February 18, 1987. Leave to appeal applied for.

Roy E. Ellsworth, Superintendent of the Kaleva-Norman-Dickson School District, made what Robert Grostick, principal of an elementary school in the district, considered to be libelous and slanderous statements about Grostick in communications to the school board. Grostick filed suit against Ellsworth in Manistee Circuit Court. Defendant sought summary judgment on the grounds of either the existence of an absolute privilege or a qualified privilege, in which case plaintiff had not alleged sufficient facts to raise the issue of actual malice to overcome the qualified privilege. The court, Charles A. Wickens, J., denied the motion, finding that there was no absolute privilege and that there was a possibility that plaintiff could develop facts to overcome a qualified privilege, if any existed. Defendant appealed by leave granted.

The Court of Appeals held:

1. The trial court did not err in denying defendant's motion under defendant's absolute privilege argument. An administrative official making a report to a legislative or quasi-legislative body is not entitled to absolute privilege for statements made in the report.

2. A plaintiff should be given ample opportunity to demonstrate actual malice in a case which may involve a qualified privilege. The trial court correctly determined that plaintiff should have the opportunity to present the issue to a jury.

Affirmed.

REFERENCES

Am Jur 2d, Libel and Slander §§ 192-198.

Am Jur 2d, Summary Judgment §§ 26, 27.

Libel and slander: Privileged nature of statements or utterance by member of school board in course of official proceedings. 85 ALR3d 1137.

Pleading or raising defense of privilege in defamation action. 51 ALR2d 552.

See also the annotations in the Index to Annotations under Summary Judgment.

1. LIBEL AND SLANDER — MALICE — ABSOLUTE PRIVILEGE.

  There can be no action for libel even if a publication was false and maliciously and knowingly published where an absolute privilege is applicable.

2. LIBEL AND SLANDER — ABSOLUTE PRIVILEGE — SCHOOL SUPERINTENDENTS.

  Statements made by a superintendent of a school system in a report to the board of education of the school district cannot be equated with statements made by a legislator during the proceedings of a legislative body; the superintendent is not entitled to absolute privilege from being called to account for his statements in the report.

3. LIBEL AND SLANDER — QUALIFIED PRIVILEGE — ACTUAL MALICE.

  A plaintiff must show that the defendant acted with actual malice to prevail in a defamation suit where a qualified privilege exists; actual malice is shown where the writing was made with the knowledge it was false or in reckless disregard as to whether it was false or not.

4. JUDGMENTS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT.

  Courts are liberal in finding the existence of a genuine issue of material fact when ruling on a motion for summary judgment based on there being no genuine issue of material fact and should not grant summary judgment unless convinced that the claim cannot be supported at trial due to a deficiency that cannot be overcome.

*John R. Brakora,* for plaintiff.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *George F. Bearup*), for defendant.

Before: R. B. BURNS, P.J., and R. M. MAHER and F. D. BROUILLETTE,* JJ.

F. D. BROUILLETTE, J. Defendant appeals by leave granted from an order of the circuit court denying defendant's motion for summary judgment in favor of defendant on plaintiff's defamation action. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was an elementary school principal in the Kaleva-Norman-Dickson School District, of which defendant is the Superintendent of Schools. Plaintiff claims that defendant libeled him in two letters and a "bill of particulars," written by defendant in March and April of 1983 and sent to the school board, which negatively evaluated plaintiff's performance as principal. Defendant prepared the letters pursuant to his duty under MCL 380.132(4); MSA 15.4132(4) and MCL 380.346; MSA 15.4346. Defendant sought to have plaintiff separated from his employment with the school district. Plaintiff also alleges that defendant slandered plaintiff at school board meetings at which the letters were read and discussed.

Defendant sought summary judgment on the alternate grounds of the existence of an absolute privilege or, if only a qualified privilege existed, that plaintiff had not alleged sufficient facts to raise the issue of actual malice to overcome the qualified privilege. The trial court denied the motion, finding that there was no absolute privilege and that there was a possibility that plaintiff could develop facts to overcome a qualified privilege, if any existed.

If an absolute privilege applies in the instant case, there can be no action for defamation even if the information was false and maliciously and knowingly published. *Parks v Johnson,* 84 Mich App 162, 166; 269 NW2d 514 (1978). In *Raymond v Croll,* 233 Mich 268, 272-273; 206 NW 556 (1925), the Court stated the limited applicability of absolute privilege:

"Cases of absolute privilege are not numerous, and the courts refuse to extend their number. They are divided into three classes. (1) Proceedings of legislative bodies; (2) Judicial proceedings; and

(3) Communications by military and naval officers." Newell, Slander and Libel (4th ed), § 351.

It is the policy of the courts to keep the doctrine of absolute privilege within these narrow limits, because, as Mr. Newell says, "It rests upon the same necessity that requires the individual to surrender his personal rights, and to suffer loss for the benefit of the common welfare."

"Generally speaking, absolute privilege is confined to cases in which the public service or the administration of justice requires complete immunity from being called to account for language used. It applies more directly to matters of public concern, such as language used in legislative, judicial and executive proceedings; and it is not intended so much for the protection of those engaged in the service, as it is for the promotion of the public welfare." 36 CJ, pp 1240, 1241.

Our court recognizes the rule of absolute privilege, but it has repeatedly refused to extend its application beyond the necessities of the judicial, legislative, and military occasions. *Mundy v Hoard,* 216 Mich 478 [185 NW 872 (1921)]; *Bolton v Walker,* 197 Mich 699 [164 NW 420 (1917)] (Ann Cas 1918E, 1007); *Trebilcock v Anderson,* 117 Mich 39 [75 NW 129 (1898)]; *Wachsmuth v National Bank,* 96 Mich 426 [56 NW 9 (1893)] (21 LRA 278).

The parties primarily rely on two cases of this Court which considered the doctrine of absolute privilege in educational settings. Plaintiff looks to *Parks, supra,* where a school principal sent a memorandum to the school administration recommending disciplinary action against the plaintiff. This Court, over the dissent of Judge BEASLEY, found that no absolute privilege applied since the defendant was not acting in a legislative or judicial capacity. *Parks, supra,* p 168.

Defendant relies on *Chonich v Ford,* 115 Mich App 461; 321 NW2d 693 (1982). In *Chonich,* the defendant, a member of the Wayne County Com-

munity College Board of Trustees, made allegedly defamatory statements against the plaintiffs during a Board of Trustees meeting. This Court applied the doctrine of absolute privilege, concluding that the Board of Trustees was a subordinate legislative body. *Id.,* p 468.

The case at bar falls squarely between *Parks* and *Chonich. Parks* considered communications from an administrator to an administrator and *Chonich* involved communications by a trustee at a board meeting, while the case at bar involves a communication from an administrator to the school board, a quasi-legislative body. Inasmuch as it is judicial policy not to extend the doctrine of absolute privilege beyond its narrow limits, *Raymond, supra,* p 272, we decline to apply it to the case at bar. Plaintiff acted in neither a legislative nor a judicial capacity. We cannot equate the reports of an administrative official to a legislative or quasi-legislative body with statements made by a legislator during the proceedings of a legislative body. Accordingly, the trial court did not err in denying defendant's motion under defendant's absolute privilege argument.

Next, we must consider whether plaintiff sufficiently alleged the existence of actual malice to evade a qualified privilege. Like the trial court, we will assume the existence of a qualified privilege, without actually deciding if such a privilege applies to this case. To prevail in a defamation suit where a qualified privilege exists, the plaintiff must show that the defendant acted with actual malice. *Swenson-Davis v Martel,* 135 Mich App 632, 637; 354 NW2d 288 (1984). Actual malice is shown where the writing was made with the knowledge it was false or in reckless disregard as to whether it was false or not. *New York Times Co*

*v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686 (1964); *Swenson-Davis, supra.*

There is some disagreement in this Court concerning the extent to which a plaintiff must plead facts to show actual malice in order to survive a summary judgment motion. *Kurz v Evening New Ass'n,* 144 Mich App 205, 213; 375 NW2d 391 (1985). The *Kurz* panel concluded that a plaintiff must plead specific facts in support of a showing of actual malice:

> Contrary to some decisions, we do not believe that a mere allegation that defendant knew a statement was untrue, or that it was made with reckless disregard for the truth, is enough to take a case to the jury.
>
> In *Lins* [*v Evening News Ass'n,* 129 Mich App 419, 435; 342 NW2d 573 (1983)], we said:
>
> "As previously indicated, actual malice is established by proof that the defamatory statement is made with knowledge that it was false or with reckless disregard of whether it was false or not. It is not enough to merely allege that actual malice exists. The facts upon which plaintiff bases his conclusion of actual malice must be examined." [144 Mich App 213-214.]

However, in *Parks, supra,* p 169, the Court noted that courts are liberal in finding the existence of a genuine issue of material fact and should not grant summary judgment unless convinced that the claim cannot be supported at trial due to a deficiency that cannot be overcome. We also note that MCR 2.112(B)(2), like its predecessor GCR 1963, 112.2, provides that malice may be alleged generally. Accordingly, we disagree with *Kurz* and conclude that a plaintiff should be given ample opportunity to demonstrate actual malice, with trial courts being reluctant to prevent the issue from going to the jury.

In the case at bar, the trial judge concluded that under the facts of this case there is a possibility that plaintiff could show actual malice at trial. While plaintiff's allegations with regard to actual malice are somewhat underwhelming at this point, we are not inclined to disturb the trial court's conclusion that plaintiff should have the opportunity to present the issue to a jury. Accordingly, the trial court's denial of summary judgment for defendant on this issue is also affirmed.

Affirmed. Costs to plaintiff.