FROLING v CARPENTER

Docket No. 132544. Submitted December 15, 1992, at Detroit. Decided
    July 20, 1993; approved for publication January 26, 1994, at
    9:00 A.M.

    William P. Froling, Sr., and Titan Construction & Mortgage
        Company, Inc., brought an action for damages in the Macomb
        Circuit Court against Joan E. Carpenter and others, claiming
        defamation, intentional infliction of emotional distress, and
        conspiracy to deny plaintiffs' rezoning request. The trial court,
        John B. Bruff, J., granted summary disposition for defendant
        Carpenter, a city council member, with respect to the claims of
        defamation and intentional infliction of emotional distress on
        the basis that the statements made by Carpenter that give rise
        to those claims were made in a city council meeting and were
        subject to her absolute privilege. The court also granted sum-
        mary disposition of the conspiracy claim on the basis that the
        plaintiffs had not alleged facts sufficient to support the claim.
        The plaintiffs appealed.

        The Court of Appeals *held:*

        1. City council members have an absolute privilege relative
        to statements made during council proceedings if the state-
        ments were made while the council member was in the process
        of carrying out an official duty. Carpenter's statements concern-
        ing the possible collusion between the plaintiffs and the mayor
        of the city were within the scope of her duties as a council
        member. The trial court properly granted summary disposition
        of the defamation claim on the basis of absolute privilege.

        2. Although absolute privilege is not a defense to intentional
        infliction of emotional distress, the plaintiffs did not challenge
        the dismissal of that claim on that basis in their brief and,
        thus, are deemed to have abandoned the issue. Manifest injus-
        tice will not result from the failure to review this issue.

        Affirmed.

---

REFERENCES

Am Jur 2d, Public Officers and Employees § 360.
See ALR Index under Privileges and Immunities.

LIBEL AND SLANDER — ABSOLUTE PRIVILEGE — CITY COUNCIL MEM-
    BERS.

> City council members have an absolute privilege relative to
> statements made during council proceedings if the statements
> are made while the council member is in the process of carry-
> ing out an official duty.

*Eric G. Flinn,* for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by
*Marcia L. Howe* and *T. Joseph Seward*), for the
defendant.

Before: MURPHY, P.J., and MARILYN KELLY and
CORRIGAN, JJ.

PER CURIAM. Plaintiffs appeal from a Macomb
Circuit Court order granting summary disposition
to defendant Joan Carpenter under MCR 2.116(C)
(7). Plaintiffs argue that the trial court erred in
granting summary disposition on the basis of abso-
lute privilege. We affirm.

I

Defendant is a Sterling Heights City Council
member. Plaintiff William Froling, Sr. is a devel-
oper who sought to rezone a parcel of land located
within the city. The city council voted to approve
the rezoning petition on June 7, 1988. Defendant
voted against it. However, a second vote was re-
quired pursuant to the Sterling Heights Charter
and was held on July 19, 1988. The rezoning
petition was denied on that date when it failed to
receive approval by a two-thirds majority.

Plaintiffs' complaint alleges that on July 20,
1988, at the request of Mayor Pro-Tem Stephen
Rice, Mayor Jean DiReeze Gush scheduled a spe-
cial meeting of the city council for July 25, 1988.
The purpose of the meeting was to consider ap-

pointments to various Sterling Heights' commit-
tees and commissions. During that televised meet-
ing, defendant indicated:

> I had the pleasure of being at the Goodfellows
> Golf Outing that Thursday evening. I also, had the
> experience of having Mr. Froling ask me to have a
> drink, which I sat down and did and he proceeded
> to tell me that he asked Jean Gush to call this
> meeting because they had to get rid of Rudy Pale
> and Jack Sisinger on the Planning Commission.
> He asked us to call the meeting to get rid of those
> people, had to get the jerks out of office and put
> people in there that would not embarrass this
> council and I think that the public should know
> that. Thank you.
>
> * * *
>
> It was postponed for thirty days, Steve [Rice],
> you would have been back by then. Why do we
> have to call a special meeting when it was post-
> poned for thirty days? The meeting was called
> right after Mr. Froling spoke.
>
> * * *
>
> Mr. Froling talked to you [Gush] after the meet-
> ing. He told me.

Plaintiffs' complaint contained three counts: def-
amation, intentional infliction of emotional dis-
tress and conspiracy to deny plaintiffs' rezoning
request. The trial court granted summary disposi-
tion to defendant on Counts I and II, defamation
and intentional infliction of emotional distress,
ruling that the claims were barred by absolute
privilege. MCR 2.116(C)(7). A year later, the court
granted defendant's motion for summary disposi-
tion as to Count III, conspiracy, under MCR
2.116(C)(10). Count III also contained an intentional
infliction of emotional distress claim. The court
dismissed the emotional distress claim, ruling that
plaintiffs did not allege facts sufficient to demon-

strate severe emotional distress. Plaintiffs do not challenge the ruling.

II

Plaintiffs argue that the trial court erred in applying the absolute privilege doctrine. They assert that the court was required to ascertain whether defendant's statements were made while carrying out her official duties. If she were acting outside the scope of her duties, the privilege would not apply.

The doctrine of absolute privilege is narrow. *Raymond v Croll,* 233 Mich 268; 206 NW 556 (1925); *Grostick v Ellsworth,* 158 Mich App 18, 22; 404 NW2d 685 (1987). The privilege extends to: 1) proceedings of legislative bodies; 2) judicial proceedings; and 3) communications by military and naval officers. *Chonich v Ford,* 115 Mich App 461, 465; 321 NW2d 693 (1982), citing *Raymond,* 272. It applies only to matters of public concern. *Chonich,* 468. The rationale for the privilege is to allow persons to express their views without fear of legal repercussions. *Id.,* 468-469, citing *Timmis v Bennett,* 352 Mich 355, 364; 89 NW2d 748 (1958). There is no remedy for damages in a defamation action if the communication at issue is absolutely privileged. See *Schlinkert v Henderson,* 331 Mich 284, 290; 49 NW2d 180 (1951); *Domestic Linen Supply & Laundry Co v Stone,* 111 Mich App 827, 837; 314 NW2d 773 (1981).

The communication at issue here was made by a city council member during the course of legislative proceedings. The absolute privilege for legislative bodies extends to subordinate bodies, such as a city council. See *Gidday v Wakefield,* 90 Mich App 752, 755-756; 282 NW2d 466 (1979). However, the communication will only be privileged if made

while the public official was in the process of carrying out an official duty. *Gidday,* 756, citing *Wachsmuth v Merchants' Nat'l Bank,* 96 Mich 426; 56 NW 9 (1893); *Brunn v Weiss,* 32 Mich App 428; 188 NW2d 904 (1971); *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977). Statements made by city council members in the course of their duties are absolutely privileged. *Domestic Linen,* 835.

It is clear that the statements here were made while defendant was carrying out her official duties in her legislative capacity. See *Domestic Linen, supra; Gidday, supra.* Defendant's duties as a city council member include revealing her belief that: 1) the mayor and plaintiffs colluded to call a special meeting; and 2) plaintiffs and the mayor were conspiring to have certain committee appointments made. The fact that defendant's statements were not made during a debate on an agenda item or in response to comments by another person does not defeat the privilege. See *Chonich,* 466. We conclude that the trial court did not err in ruling that plaintiffs' defamation claim was barred by defendant's absolute privilege.

III

The doctrine of absolute privilege may not apply to intentional infliction of emotional distress claims. See *Domestic Linen,* 837. The trial court dismissed plaintiffs' intentional infliction of emotional distress claim (Count II) based on privilege. On appeal, plaintiffs do not distinguish between the defamation claim (Count I) and the intentional infliction of emotional distress claim (Count II) for purposes of applying the absolute privilege doctrine. In fact, both claims arose from defendant's

allegedly defamatory statements. Plaintiffs did not appeal from the trial court's dismissal of the intentional infliction of emotional distress claim contained in Count III.

We conclude that plaintiffs abandoned this issue by failing to argue in their appellate brief the merits of their allegation of error caused by the dismissal of Count II. See *People v Kent,* 194 Mich App 206, 209-210; 486 NW2d 110 (1992). Moreover, plaintiffs have not convinced us that failure to review this issue would result in manifest injustice or is necessary to a proper determination of the case. See *Richards v Pierce,* 162 Mich App 308, 316; 412 NW2d 725 (1987).

The trial court did not err in granting defendant's motion for summary disposition.

Affirmed.