*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. H. ROCHA-MENA, Minor.

UNPUBLISHED
October 1, 2019

No. 348352
Wayne Circuit Court
Family Division
LC No. 09-490800-NA

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Respondent appeals as of right from the trial court's order terminating his parental rights to the minor child under MCL 712A.19b(3)(c)(*i*), (c)(*ii*),[1] (g), (i), and (j). We affirm.

Respondent's sole argument on appeal is that the trial court erred in terminating his parental rights because he has a constitutional right to the care and custody of his child. Respondent did not raise any constitutional objections at the trial court; accordingly, the issue is not preserved, and our review is for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

> Parents possess a fundamental interest in the companionship, custody, care, and management of their children, an element of liberty protected by the due process provisions in the federal and state constitutions. US Const, Am XIV; 1963 Const, art 1, § 17. Because child protective proceedings implicate "an interest far more precious than any property right," *Santosky v Kramer*, 455 US 745, 758-759; 102 S Ct 1388; 71 L Ed 2d 599 (1982), "to satisfy constitutional due process standards, the state must provide the parents with fundamentally fair

---

[1] Although the trial court's order terminating respondent's parental rights cited statutory ground MCL 712A.19b(3)(c)(*ii*), we note that the trial court did not mention that ground when it made its oral pronouncement. In spite of this inconsistency, it is well established that courts speak through their written orders. *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).

procedures." *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009) (quotation marks and citation omitted). [*In re Yarbrough*, 314 Mich App 111, 122; 885 NW2d 878 (2016).]

However, respondent fails to recognize that "[a] parent's right to control the custody and care of her child[] is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor' and in some circumstances 'neglectful parents may be separated from their children.' " *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014), quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). "Once the petitioner has presented clear and convincing evidence that persuades the court that at least one ground for termination is established under [MCL 712A.19b(3)], *the liberty interest of the parent no longer includes the right to custody and control of the child*[]." *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000) (emphasis added); see also *In re Moss*, 301 Mich App 76, 85-86; 836 NW2d 182 (2013). "In other words, at that point, 'the parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection.' " *In re Moss*, 301 Mich App at 93-94 (WILDER, J., concurring), quoting *In re Trejo*, 462 Mich at 356.

Thus, a parent's constitutional right to the companionship, care, and custody of his child is not violated if the trial court appropriately finds that a statutory ground for termination was proven by clear and convincing evidence. Here, the trial court found that the statutory grounds in MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (i), and (j) were established by clear and convincing evidence. Therefore, respondent has failed to show how his constitutional rights were violated by the termination of his parental rights. See also *In re Sanders*, 495 Mich at 422 (stating that there is "no constitutional or jurisdictional impediment to disrupting the parental rights of [the parent], who was afforded the right to a determination of fitness").[2]

---

[2] Respondent's counsel has made the same constitutional-right-to-parent argument, which suffers from the same legal flaws, in other cases. See, e.g., *In re E Sanders*, unpublished per curiam opinion of the Court of Appeals, issued July 9, 2019 (Docket No. 345604); *In re M Jones, Jr*, unpublished per curiam opinion of the Court of Appeals, issued April 4, 2017 (Docket No. 335423); *In re Young*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2016 (Docket No. 330552); *In re D Reichard*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2015 (Docket No. 326056).

We note that in each case, counsel made what is essentially the identical argument as in this case and which, as here, did not argue any of the particular statutory facts relevant to the case. The argument that a respondent has a constitutional right to parent his or her child, while true, is beside the point; the statute provides a mechanism by which the constitutional right may, in accordance with due process, be extinguished in an appropriate case. Thus, the essential question presented in each such case is whether the petitioner carried its burden under the statute. Given the legal irrelevancy of the question posed by respondent's counsel, and his failure to address particular factual circumstances applicable to each case, it is difficult to avoid the conclusion that counsel's representation approaches, if it does not actually constitute,

Critically, respondent on appeal does not challenge the trial court's findings related to these statutory grounds. Indeed, respondent in the argument portion of his brief on appeal does not even cite or acknowledge a single statutory ground on which the trial court relied in terminating his parental rights. As a result, we decline to review the trial court's findings, as respondent has abandoned any challenge to them.[3] See *Mitchell v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("Failure to brief a question on appeal is tantamount to abandoning it."); *Froling v Carpenter*, 203 Mich App 368, 373; 512 NW2d 6 (1993).[4]

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel

---

performance falling below an objective level of reasonableness. In the present case, no argument for ineffective assistance will lie, as we have thoroughly reviewed the record for any other meritorious argument which counsel could have made but did not, and have not found any. However, that review on our part does not excuse counsel's repeated argument, in many cases, of a frivolous legal position, or his failure to address the unique circumstances of the case at hand.

[3] The trial court also found that termination of respondent's parental rights was in the child's best interests. Under Michigan law, once a court finds that there is clear and convincing evidence to support a statutory ground for termination of parental rights, the court must terminate the respondent's parental rights if a preponderance of the evidence shows that termination is in the best interests of the child. MCL 712A.19b(5); *In re Moss*, 301 Mich App at 90. But as with the statutory factors, respondent presents no argument that the trial court erred with respect to this finding either.

[4] Despite respondent's failure to challenge any of the statutory grounds for termination, we note that although the trial court's order provides that it relied on MCL 712A.19b(3)(i) (rights to one or more siblings of the child have been terminated due to serious and chronic neglect) in terminating respondent's parental rights, it is evident that this factor only applied to respondent-mother, who is not a party to this appeal.

Regardless, assuming the trial court improperly relied on MCL 712A.19b(3)(c)(*ii*), see note 1 of this opinion, and (3)(i), reversal is not warranted because only one statutory ground need be proven to terminate a parent's parental rights, *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009), and the trial court also cited grounds (3)(c)(*i*) (parent's act caused physical injury or physical or sexual abuse and there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home); (3)(g) (parent fails to provide proper care or custody for the child, although financially able to do so, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age); and (3)(j) (reasonable likelihood that the child will be harmed if returned to the home of the parent, based on the conduct or capacity of the child's parent).